## Lay's ex'ors. *vs.* Brown, &c.

### ERROR TO M'CRACKEN CIRCUIT.

Judge SIMPSON delivered the opinion of the court.

CHANCERY.

Case 32.

October 9.

1. Where the wife is possessed of real estate which is sold by the husband, though the wife unite in the sale, yet if the husband become insolvent before the price be paid, the chancellor will, at the instance of the wife, provide a suitable settlement out of the price for the benefit of the wife. (6 *B. Monroe*, 24.)

2. The fact that the sale was made to the sons of the husband by whose death the legal title to the land sold again vested in the husband, did not affect the right of the wife to the settlement, nor the lien upon the land sold to secure it against the husband and his creditors.

3. The notes for the price being made payable to the husband not regarded as affecting the right of the wife to a settlement, especially as she had the possession and produced them.

Case stated.

Sarah Brown was the owner of three lots in the town of Paducah, two of which her husband, James Brown, and herself, in March, 1838, conveyed to William and John Brown, who were the sons of her hus-

band, James Brown, for the consideration, as recited in the deed, of thirty-five hundred dollars. Both the sons afterwards died intestate and without issue, and their father acquired the title to the aforesaid two lots by descent from them. At the time of their death twenty-five hundred dollars of the purchase money for the lots remained unpaid, a note for which had been executed by them, payable to their father.

Subsequently, in 1846, Sarah Brown filed a bill in chancery claiming a right in equity to a settlement out of the money arising from the sale of the lots, which remained unpaid, on the ground that her husband was insolvent, and had wasted a considerable estate which belonged to her when they were married, and that unless she could obtain a settlement out of this money, she would be left unprovided for and entirely destitute.

1. Where the wife is possessed of real estate which is sold by the husband, though the wife unite in the sale, yet if the husband become insolvent before the price be paid, the chancellor will, at the instance of the wife, provide a suitable settlement out of the price for the benefit of the wife. (6 B. Monroe, 24.)

The question is, has the wife an equitable right to a settlement out of the unpaid purchase money, arising from the sale of her real estate, which has not been collected or disposed of by the husband? If the creditor of the husband should make application to a court of chancery to subject such a fund to the payment of the husband's debts, the court would refuse to aid him, unless upon the equitable condition that a settlement upon the wife should first be made, if her situation and circumstances required it. The fund is created by a sale of the property of the wife, which, before its conversion, was not liable, at least beyond the interest of the husband therein, to the payment of his debts; and although by the conversion the right to the proceeds vests in the husband, yet this right is subject to the equity of the wife to a settlement, until the money has been received by the husband. No injustice is done to the creditors by the operation of this rule, because their rights are the same after the conversion of the wife's real estate, that they were previously. The claim of the wife to have a suitable provision made for her out of the money arising from the sale of her real estate, is ful-

ly as meritorious as it is to have it made out of her personal estate which has not been reduced to possession by the husband. The real estate has, with her consent, been converted into personal estate, to which the husband has the legal right; but her consent should not be extended by implication to a surrender by her of all equity to the fund. The money, it is true, on the death of the husband, would belong to his personal representatives, and the wife would not be entitled to it by survivorship; in this respect it differs from her choses in action, not reduced to possession by the husband in his lifetime, but yet the wife's equity to a settlement, out of her personal estate, may and does sometimes exist where her right to it by survivorship has been divested.

In this case, it is true, the legal title to the property has vested in the father, by the death of the sons, and his creditors are not compelled to resort to a court of chancery to subject the estate to the payment of their debts. The lots, however, were liable in the lifetime of the sons to the vendor's lien for the payment of the purchase money. In this money, and the lien to enforce its payment, the wife had an equity, which having attached, is not lost or destroyed by the descent cast upon the husband, who as heir at law took the estate subject to the lien that had existed upon it at the death of the sons. We perceive no valid objection to the enforcement of this lien in favor of the wife against the husband and his creditors, to the extent that it may be necessary to do it, for the purpose of making a suitable provision for her. The lots were sold to the sons at the price of thirty-five hundred dollars, and as there is only twenty-five hundred dollars remaining unpaid, that sum does not exceed, if it be equivalent to, the interest of the wife in the real estate which was sold, exclusive of such interest therein as belonged to the husband in consequence of his marriage with his wife.

The note for the purchase money, although made payable to the husband, was in the possession of and

VOL. XIII.   38

---

LAY'S EX'ORS.
*vs.*
BROWN, &c.

2. The fact that the sale was made to the sons of the husband by whose death the legal title to the land sold again vested in the husband, did not affect the right of the wife to the settlement, nor the lien upon the land sold to secure it against the husband and his creditors.

LAY'S EX'ORS.
*vs.*
BROWN, &c.

3. The note for the price being made payable to the husband not regarded as affecting the right of the wife to a settlement, especially as she had the possession and produced it.

produced by the wife, which furnishes some evidence of an understanding between the husband and the wife, that the latter should have the benefit of the fund; at least it creates a strong presumption that, by joining her husband in the conveyance of her real estate, she did not intend to surrender her right to all of the purchase money, but intended to retain a right to at least a portion of it.

This is, we believe, the first case that has been before this court, where the wife has claimed an equity in the money arising from the sale of her real estate, when the sale was made by her and her husband. In the case of *Athey, &c.* v. *Knotts, &c.* 6 B. Monroe, 24, the land that had descended to the wife in conjunction with other heirs from her father, was sold by a decree of a court of chancery, and that portion of the money to which she was entitled was claimed by her as necessary for a support, and her claim was sustained. There is no substantial distinction between that case and this. In that case, although the sale was decreed by a court of chancery, yet it must have been done with the assent, if not at the instance of the husband and wife, and the sale money had passed from the control of the chancellor, and was in the hands of an agent who had received it, as he stated, for the use of the wife. In this case the sale money was in the hands of the purchaser; it had not passed into the hands of the husband, and his right to it was not as perfect as it was in the other case, where the money had been paid by the purchaser, and passed into the hands of an agent, whether that agent professed to act for the wife or for the husband. According then to the doctrine settled in that case, the wife here had an equity in this estate, superior to the rights of her husband's creditors, without any extension of this equitable right of the wife beyond its previously recognized limits. The fact that the note for the purchase money was made payable to the husband, cannot prejudice the claim of the wife; for if it had been made payable to her, the legal right

and title to the debt would have been in the husband, just as if the note had been made payable to himself.

The courts of equity, in consonance with the spirit and policy of the legislation in this state upon the same subject, are evincing a disposition to extend more effectually their aid to protect and secure the rights of married women. But we do not consider the decision in this case as establishing any new principle, or as extending the doctrine in relation to the wife's equity to a settlement out of her own estate, further than it had been carried by previous adjudications.

Wherefore the decree of the court below is affirmed.

*Harlan*, for plaintiffs; *B. & J. Monroe*, for defendants.